# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

O

Case No. CV 09-5184 DOC;  CR 98-0806 CM	Date: July 15, 2011

Title: ANDY SONG v. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT					NONE PRESENT

PROCEEDING (IN CHAMBERS):		DENYING MOTION FOR RECONSIDERATION

      Before the Court is Respondent the United States of America ("Respondent)'s Motion for Reconsideration of the Court's Order Granting Motion to Vacate Judgment ("Motion for Reconsideration") (Docket 40).  For the reasons explained below, the Motion for Reconsideration is DENIED.

    **I.**    **BACKGROUND**

      On June 27, 2011, the Court granted Petitioner Andy Song's Motion to Vacate Judgment (*Coram Nobis*), vacating Mr. Song's guilty plea in Criminal Case No. 98-0806-CM on the grounds that Mr. Song had received ineffective assistance of counsel when his attorney failed to inform him of the immigration consequences of his plea deal.  Order Granting Motion to Vacate Judgment (Coram Nobis), Jun. 27, 2011 ("Order Vacating Judgment") (Docket 38).  On June 29, 2011, Respondent filed the instant Motion for Reconsideration, asking the Court to reconsider its order in light of a decision by another court within the Central District of California in the matter of *United States v. Ejigou*, CV 11-0147 ABC, issued on the same date as the Order Vacating Judgment.

    **II.**    **LEGAL STANDARD**

      Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

MINUTES FORM 11 DOC				Initials of Deputy Clerk: jcb
CIVIL - GEN					Page 1 of 3

judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

### III. DISCUSSION

The Motion for Reconsideration must be denied. Respondent's contention that the Order Vacating Judgment conflicts with the district court's decision in *United States v. Ejigou*, CV 11-0147 ABC ("*Ejigou*") is simply wrong. The factual differences between the issues considered in the two cases preclude a finding of inconsistency between the *Ejigou* decision and the instant Court's Order Vacating Judgment.

Unlike Mr. Song, the petitioner in *Ejigou* faced a statute of limitations problem. Mr. Ejigou – who sought relief under 28 U.S.C. § 2255 – filed his petition more than two years after his conviction became final, in contravention of the rule requiring all petitions under this statute to be filed within one year of the final date of conviction. Mr. Ejigou attempted to circumvent his statute of limitations problem by arguing that the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), which clarified that criminal counsel are constitutionally required to inform their clients of the immigration consequences of a conviction, created a "new rule" sufficient to restart the statute of limitations clock under 28 U.S.C. § 2255(f)(3). The *Ejigou* court expertly explained the requirements of invoking section 2255(f)(3), noting that the provision was of use to Mr. Ejigou "only if *Padilla* created a new rule *and* that rule can be applied retroactively in a collateral attack." *Ejigou*, CV 11-0147 ABC, Docket 55 at *4. In order to indulge Mr. Ejigou's argument, the *Ejigou* court assumed, without deciding, that the first of these two requirements – that *Padilla* had created a new rule – was met. The *Ejigou* court went on to conclude, however, that even assuming that *Padilla* had generated a new rule, there would be insufficient legal grounds to find that the rule applied retroactively. *Id.* at *6 (observing that "even if *Padilla* states a new rule, it cannot trigger a new limitations period under section 2255(f)(3) unless it also applies retroactively to collateral attacks"); *id.* at *6-9 (applying the analysis stated in *Teague v. Lane*, 489 U.S. 288 (1989) to find that any new rule arguably created by *Padilla* would not apply retroactively). The *Ejigou* court thus held that there was no way that *Padilla* had restarted the statute of limitations clock on Mr. Ejigou's section 2255 petition. Mr Ejigou's petition consequently was dismissed.

In the instant case, by contrast, Mr. Song faced no statute of limitations problems. Unlike Mr. Ejigou, Mr. Song sought relief under the doctrine of *coram nobis*, not by way of a petition under 28 U.S.C. § 2255. *Coram nobis* petitions are not subject to a particular statute of limitations; courts entertain these petitions so long as the petitioner is able to show that valid reasons exist for not challenging his or her conviction earlier. *Telink, Inc. v. United States*, 24 F.3d 42, 45-47 (9th Cir. 1994); *see also United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005). Here, Respondent did not challenge Mr. Song's assertion that his petition was timely-filed under this standard. Accordingly, unlike Mr. Ejigou's petition, the success of Mr. Song's petition did not depend on the Court determining that *Padilla* had created a new rule sufficient to restart some statute of limitations clock.

Indeed, in its Order Vacating Judgment, the instant Court determined that *Padilla* did *not* announce a new rule. Order Vacating Judgment at *4 n.1 (relying on the reasoning of *United States v. Hubenig*, 2010 WL 2650625 (E.D. Cal. Jul 01, 2010), as well as on the text of the *Padilla* decision itself and the Ninth Circuit's opinion in *United States v. Bonilla*, 637 F.3d 980 (2011)). Rather, the Court concluded that *Padilla* simply applied a well-established rule of law – namely, the requirement of effective assistance of counsel as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny – in a new context. Because "old rules" such as this apply retroactively on collateral review, *Whorton v. Bockting*, 549 U.S. 406, 416 (2007), the Court applied *Padilla* to the facts of Mr. Song's case and granted Mr. Song *coram nobis* relief.

The instant Court's conclusion that *Padilla* set forth on "old rule" to be applied retroactively on collateral review accords with the only published circuit court decision on this issue. *See United States v. Orocio*, - - F.3d - - - 2011 WL 2557232 at *4-7 (3d Cir. 2011) (rejecting the government's argument that *Padilla* announced a "new rule" and holding that "because *Padilla* followed directly from *Strickland* and long-established professional norms, it is an 'old rule' . . . and is retroactively applicable on collateral review."). The instant Court's view also finds support in the decisions of other courts within the ninth circuit. *See Hubenig,* 2010 WL 2650625 at *5 (concluding that "*Padilla* did not establish a new rule," and applying *Padilla* retroactively); *Luna v. United States*, 2010 WL 4868062, at *3–4 (S.D. Cal. Nov.23, 2010) (same). Finally, contrary to Respondent's suggestion in its Motion for Reconsideration, the instant Court's analysis does not conflict with the reasoning of the district court in *United States v. Ejigou*, CV 11-0147 ABC. Respondent's Motion for Reconsideration must therefore be denied.

### VI. DISPOSITION

In light of the foregoing, Respondent's Motion for Reconsideration is DENIED.

The Clerk shall serve this minute order on all parties to the action.